UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DENNIS JEMMOTT,

                Plaintiff,                  **DECISION & ORDER**
                                                13-cv-2272 (WFK) (MDG)
-v.-

NEW YORK CITY TRANSIT AUTHORITY,

                Defendant.
------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Dennis Jemmott ("Plaintiff") brought this action against Defendant New York City Transit Authority ("Defendant") alleging discrimination on the basis of race, disability, and age. *See* Dkt. 1 ("First Complaint"); Dkt. 11 ("Amended Complaint"); Complaint, *Jemmott v. Metropolitan Transit Authority*, No. 13-CV-2665 (E.D.N.Y. May 1, 2013). Defendant moved to dismiss these claims pursuant to various Federal Rules of Civil Procedure. Dkt. 15 ("Motion to Dismiss"). For the reasons discussed directly below, Defendant's motion is GRANTED.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the [complainant] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). When a complaint does not comply with this requirement, the court has the power, *sua sponte*, to dismiss the complaint. *See id.* (citation omitted). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citation omitted).

While the district court has the discretion to grant leave to amend, the district court need not grant leave to amend "where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible[.]" *Id.* (collecting cases) (citations omitted).

Here, Plaintiff has failed to comply with the requirements of Rule 8 three successive times over the course of almost two and a half years of litigation. Plaintiff, *pro se*, originally filed his complaint in this action on April 15, 2013 ("Original Complaint"). First Complaint. The Original Complaint was exceedingly long and gave no indication as to the basis for Plaintiff's cause of action. *See id.* The Original Complaint also consisted primarily of attachments submitted by Plaintiff that were unintelligible. *Id.* at PDF 5-73. For example, in one sentence, Plaintiff stated "They get the option to choose what supervisor they want. . . and what job they perform at a given time." *Id.* at PDF 22. There is no indication as to who "they" are, nor is there any indication of how any of this relates to Plaintiff's claims for discrimination on the basis of race, age, and disability.

Based on these deficiencies, Defendant sought permission to move to dismiss the Original Complaint. Dkt. 6 ("Letter For Motion to Dismiss"). However, this Court provided Plaintiff with an opportunity to amend his complaint prior to Defendant submitting a motion to dismiss. *See* ECF Docket Entries on 6/14/2013.

On July 15, 2013, Plaintiff, *pro se*, submitted his amended complaint ("Amended Complaint"). *See* Amended Complaint. Plaintiff's Amended Complaint largely tracks the complaint he originally filed. *See id.* The Amended Complaint also gave no indication as to the basis for Plaintiff's cause of action. For example, Plaintiff states that in May of 1998, he was arrested and his supervisor at the time told police officers Plaintiff did not work for Defendant.

*Id.* at PDF 7. Yet again, Plaintiff gives no indication as to how this relates to Plaintiff's claims for discrimination on the basis of race, age, and disability.

On May 1, 2013, Plaintiff, represented by counsel, filed a third Complaint against Defendant and Metropolitan Transit Authority ("Brodie Complaint") in a separate action. *See* Complaint, *Jemmott v. Metropolitan Transit Authority*, No. 13-CV-2665 (E.D.N.Y. May 1, 2013). The case was assigned to Judge Margo K. Brodie, and the complaint there has similar allegations as the Original Complaint and Amended Complaint filed in this action. On May 21, 2014, Judge Brodie dismissed the Brodie Complaint as duplicative of the Original Complaint filed in this Court and as untimely as it was not filed within ninety days of the Equal Employment Opportunity Right to Sue Letter. *See* Dismissal Order, *Jemmott v. Metropolitan Transit Authority*, No. 13-CV-2665 (E.D.N.Y. May 21, 2014).

On January 2, 2014, Defendant filed its motion to dismiss in this action. *See* Motion to Dismiss. On May 27, 2015, the same counsel that represented Plaintiff in the above-mentioned Brodie action appeared for Plaintiff in this action. Dkt. 28 ("Notice of Appearance"). On May 28, 2015, Plaintiff, no longer appearing *pro se*, requested supplemental briefing to oppose Defendant's motion to dismiss, which this Court granted. *See* ECF Docket Entry on 5/28/15. On September 28, 2015, the motion to dismiss was fully briefed. *See* Dkt. 35 ("Reply").

In his opposition, Plaintiff rebuts the arguments raised by Defendant by using all three complaints – the Original Complaint, the Amended Complaint, and the dismissed Brodie Complaint – despite the substantial deficiencies associated with each. Dkt. 31 ("Supplemental Opposition to Motion to Dismiss") at 2. For example, Plaintiff states "his two *pro se* complaints, implicitly, and the third attorney drafted complaint explicitly, propound a claim for hostile work environment[] and retaliation." *Id.* at 4 (emphasis added). However, as discussed above, the

first two *pro se* complaints are unintelligible and fail to give any indication to not only Defendant, but this Court as well, as to how the facts alleged in those complaints relate to Plaintiff's claims for recovery. In addition, the Brodie Complaint was previously dismissed as duplicative and untimely. *See* Dismissal Order, *Jemmott v. Metropolitan Transit Authority*, No. 13-CV-2665 (E.D.N.Y. May 21, 2014). It is also worth noting that Plaintiff has never served Defendant with the Brodie Complaint for purposes of this action, in direct violation of Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4 (c)(1) (requiring service with complaint).

Despite numerous attempts to amend his complaint and provide supplemental briefing to this Court, both with and without the representation of counsel, Plaintiff continues to rely on his deficient pleadings to oppose Defendant's motion to dismiss, and attempts to resurrect a previously dismissed complaint from another action while ignoring the Federal Rules of Civil Procedure. Having ample opportunity, both *pro se* and with the representation of counsel, to plead facts sufficient to show Plaintiff was plausibly entitled to any relief, Plaintiff has failed to do so. Accordingly, dismissal with prejudice is warranted. *See Dyson v. New York Health Care, Inc.*, 353 F. App'x 502, 503-04 (2d Cir. 2009) (holding district court did not abuse its discretion in dismissing complaint with prejudice for failure to comply with Rule 8(a)(2) after district court afforded plaintiff with multiple opportunities to cure the deficiencies in the complaint).

For the reasons set forth above, Defendant's Motion to Dismiss, Dkt. 15, is hereby GRANTED. The clerk of court is respectfully instructed to close this case.

SO ORDERED.

s/William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2015
Brooklyn, New York